[No. 10786. Department One. February 28, 1913.]

CATHERINE BOYD, *Respondent*, v. C. A. PRATT *et al.*,
*Commissioners of the Industrial Insurance
Department, Appellants.*[1]

MASTER AND SERVANT—INDUSTRIAL INSURANCE—DEPENDENTS—STAT
UTES—CONSTRUCTION. Under the industrial insurance act, Laws 1911,
p. 357, § 5, sub. 3, providing for a monthly payment to a dependent
of a deceased workman, not exceeding $20 a month, and that, if the
workman is under age and unmarried, the parents shall receive $20
per month for each month until the time of his majority, a parent
who is also a dependent is entitled to the monthly payment during
the continuance of dependency, and not merely to the time of majority; the latter provision being intended for nondependent parents.

SAME—APPEALS—ATTORNEY'S FEES. Under § 20 of the industrial
insurance act (Laws 1911, p. 368), providing that on appeal from the
decision of the department, the court shall fix a reasonable attorney's
fee, and for appeals from the superior court to the supreme court as
in other civil cases, the power to allow attorney's fees is limited to
the superior court.

Appeal from a judgment of the superior court for King
county, Main, J., entered September 23, 1912, upon findings
in favor of the plaintiff, reversing an order of the industrial
insurance department, on appeal from the order by a claimant. Affirmed.

*The Attorney General* and *S. H. Kelleran, Assistant,* for
appellants.

*Brady & Rummens,* for respondent.

CHADWICK, J.—The only question involved in this case is
one of statutory construction. James Boyd, aged nineteen
years, was killed while in the employ of the Pacific Coast
Coal Company. He had, for about eighteen months, contributed to the support of his mother. That she was dependent
upon him, is admitted. In due time Catherine Boyd, the mother, filed a claim with the industrial insurance department,

[1]Reported in 130 Pac. 371.

and an order was entered allowing her $20 per month until the time when James Boyd would have arrived at the age of twenty-one years. From this order, an appeal was taken to the superior court where the order of the department was reversed, and an order allowing $20 a month, so long as the dependency continued, was entered. From this order, the department has appealed.

Both the department and the respondent rely upon the same statute, subd. 3 of the compensation schedule, being § 5 of the act of March 14, 1911, relating to compensation of injured workmen. The statute, so far as it is pertinent to our inquiry, reads as follows:

"If the workman . . . leaves a dependent . . . a monthly payment shall be made to each dependent equal to fifty per cent of the average monthly support actually received by such dependent from the workman during the twelve months next preceding the occurrence of the injury, but the total payment to all dependents in any case shall not exceed $20 per month. If the workman is under the age of twenty-one years and unmarried at the time of his death, the parents or parent of the workman shall receive $20 per month for each month after his death until the time at which he would have arrived at the age of twenty-one years." Laws 1911, p. 357, § 5, subd. 3.

We think the interpretation of the statute adopted by the lower court is correct. It is quite clear to us that the legislature must have intended that the first clause quoted should apply to cases of dependency, while the last clause refers only to cases of nondependency. This construction is in keeping with the spirit and object of the law; that is, to protect the injured and to save dependents from becoming public charges. To hold that an allowance given because of dependency is to be cut off arbitrarily at a time when the deceased would have attained the age of twenty-one years, would defeat the humane purposes of the statute, for the dependency would not then cease, but might continue over a period of years. The second clause seems to have reference to that principle which, under

the common law, gave a parent the right to demand and receive the wages of a minor child.

As suggested by counsel, any other construction would lead to an absurd result. The act being passed for the purpose of compensating dependents, the present order of the department would deny compensation if the death occurred one day before the deceased was twenty-one; but if it occurred one day after, the compensation would continue as long as the condition lasted. The material object of the statute was to protect dependents, and not to fix arbitrary limitations.

Section 20 of the act provides that:

"It shall be unlawful for any attorney engaged in any such appeal to charge or receive any fee therein in excess of a reasonable fee, to be fixed by the court in the case, and, if the decision of the department shall be reversed or modified, such fee and the fees of medical and other witnesses and the costs shall be payable out of the administration fund, if the accident fund is affected by the litigation. In other respects the practice in civil cases shall apply. Appeal shall lie from the judgment of the superior court as in other civil cases." Laws 1911, p. 368, § 20.

The court below fixed an attorney's fee of $60, to be paid to the attorneys for the respondent. We are asked to make a more liberal allowance inasmuch as respondent has been put to the expense and delay of an appeal. The only warrant in the law for fixing an attorney's fee at all is to be found in the statutes just quoted. The power to fix fees is there limited to the superior court. The only rights that can be claimed on appeal to this court are such as are given by the general appeal statutes, the provision fixing our right of review being: "Appeal shall lie from the judgment of the superior court as in other civil cases." We find nothing in our appellate procedure which would warrant us in allowing an attorney's fee in this or similar cases. The motion for an additional fee is denied.

Judgment affirmed.

CROW, C. J., GOSE, MOUNT, and PARKER, JJ., concur.