(Nos. 11911-12.—Judgments affirmed.)

THE FRIEDMAN MANUFACTURING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LYDIA GOODRODE, Admx., Defendant in Error.)

*Opinion filed October 21, 1918.*

1. WORKMEN'S COMPENSATION—*when the decision of the Industrial Board is conclusive.* Under the Compensation act the decision of the Industrial Board is conclusive, except for fraud, if within twenty days after receipt of notice of the decision no attempt is made to review the decision; and a petition for a writ of *certiorari* filed after that time which seeks merely to review the decision, there being no ground existing or alleged which would, under the statute, authorize a change in the award, is, in effect, an application for rehearing and is not authorized by the statute.

2. SAME—*when decision of board is not void for want of jurisdiction.* Whether the Industrial Board has jurisdiction of an application for an award where the death of the employee occurred outside the State of Illinois is a question involving a construction of the Compensation act, which does not in terms deny such jurisdiction; and even if the decision of the board that it has jurisdiction is erroneous, the decision is not void and open to collateral attack but is subject to review in the manner authorized by the act.

3. SAME—*what cannot be inquired into on application for judgment on award.* On application to the circuit court for judgment on an award of the Industrial Board where no proceedings for review have been instituted and compensation has not been paid ac-

cording to the award the judgment entered by the court is in the nature of an execution of the award, and the court has no jurisdiction to review the proceedings of the board, construe the statute or determine the correctness of the decision.

4. SAME—*provision of Compensation act for attorney's fees is not unconstitutional.* The provision of the Compensation act authorizing attorney's fees where the employer does not institute proceedings to review the decision of the Industrial Board and refuses to pay compensation, making it necessary to apply for judgment on the award, is not unconstitutional.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

CHARLES J. FAULKNER, JR., and WALTER C. KIRK, for plaintiff in error.

MACCHESNEY, BECKER, ANGERSTEIN & ROLLO, and MARTIN C. KOEBEL, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Lydia Goodrode, administratrix of the estate of her deceased husband, Melvin Goodrode, applied to the Industrial Board for compensation for his death arising out of and in the course of his employment by the plaintiff in error, the Friedman Manufacturing Company. The application was heard by an arbitrator, who entered an award on August 22, 1916. The Industrial Board sent by registered mail to the plaintiff in error a notice of the filing of the decision of the arbitrator and a copy of the award. The letter was receipted for in the name of the Friedman Manufacturing Company by Mr. Lynch, assistant cashier. In pursuance of that notice so received by the plaintiff in error it petitioned for a review of the award and a hearing was had before the board, which rendered a decision on June 20, 1917, affirming the award. On June 22, 1917, the board sent by registered mail to the plaintiff in error a copy of the decision and a notice of the time when it was filed, and the letter was receipted for in the same manner and by the

same officer as before. On September 17, 1917, the plaintiff in error presented to the Industrial Board a petition for a modification of the finding of facts made in the decision. With the petition for a modification of the finding was presented an affidavit of the attorney for the plaintiff in error that the agent who received the notice and copy of the decision did not know what it was and held the decision on his desk without communicating to the attorney, who knew nothing about it until September 15, 1917. The board refused to modify the finding and gave notice of its decision on September 26, 1917. Within twenty days after the refusal of the board to modify its finding the plaintiff in error sued out a writ of *certiorari* from the circuit court of Cook county to review the decision of the board. The court quashed the writ of *certiorari* and dismissed it and certified that the cause was one proper to be reviewed by this court. A writ of error was sued out of this court in pursuance of that certificate.

The plaintiff in error having failed to pay compensation according to the award, Lydia Goodrode presented to the circuit court of Cook county her application for judgment for the award and attorneys' fees in accordance with the statute. The application was resisted on the ground that the court was without jurisdiction to render any judgment because the injury and death occurred outside the State of Illinois and because *certiorari* proceedings were pending to review the record of the Industrial Board. It was stipulated that if the applicant was entitled to attorneys' fees at all she was entitled to $400. The court held that pendency of *certiorari* proceedings was no defense, because the statutory period for instituting such proceedings had long since elapsed, and entered judgment on the award, with $400 attorneys' fees. The court also certified that the cause was one proper to be reviewed by this court, and a writ of error having been sued out, the two causes were consolidated by the court.

Section 19 of the Workmen's Compensation act provides that a decision of the Industrial Board shall, in the absence of fraud, be conclusive unless a party in interest shall, by writ of *certiorari* to the Industrial Board or suit in chancery commenced within twenty days after the receipt of notice of the decision of the board, obtain a review of the decision. Notice and a copy of the decision of the board were sent to and received by the plaintiff in error on June 22, 1917, and no writ of *certiorari* was sued out or suit in chancery commenced within twenty days thereafter. The decision of the board became conclusive except for fraud. Melvin Goodrode was dead, and no condition did or could arise by which a change of the award could be made under the statute, and it was not alleged that there was any such change but the application was for a rehearing. Such an application could not operate to nullify or set aside the limitation of time set by the statute for a judicial review. That rule was declared in *Vickers* v. *Tyndall,* 168 Ill. 616, where a petition for rehearing was provided for, and in cases under the Workmen's Compensation act there is no provision for such an application.

Goodrode was traveling as a salesman for the plaintiff in error and went to different places in the State of Illinois but at the time of the accident had gone across the line to Gary, Indiana. The Industrial Board in its decision found that while driving along an avenue in Gary his automobile went down an embankment into a pond of water, by means of which he and two other persons were caught under the car and drowned. The application for judgment was resisted upon the ground that the board had no jurisdiction because the injury causing death occurred outside of this State, and not having jurisdiction of the subject matter the award was a nullity, which could be resisted collaterally at any time or place. Jurisdiction of the subject matter of the controversy is conferred by law, and the statute gave to the Industrial Board jurisdiction of all claims for accidental

injuries or deaths arising out of and in the course of employment. The board obtained jurisdiction of the particular case by the application of Lydia Goodrode alleging the employment of her husband by the plaintiff in error and the injury causing his death, suffered in the course of the employment. The question whether she was entitled to an award for an accidental injury resulting in death which occurred outside of the State involved a construction of the Workmen's Compensation act, and if the construction given to the act was erroneous, the statute permitted a review by writ of *certiorari* or proceeding in chancery to be instituted within twenty days. The way was open to the plaintiff in error to have a review of the construction given to the Workmen's Compensation act by the Industrial Board, either by writ of *certiorari* or suit in chancery, and it did not avail itself of the privilege. The statute does not in terms limit the right to an award to accidental injuries occurring in this State, and whether the right is so limited must depend upon the construction of the various provisions of the act. The judgment entered by the court is in the nature of an execution of the award, to the end that adequate means may be provided for its enforcement, and on such an application the court has no jurisdiction to review the decision, construe the statute or determine whether the decision of the board was correct or not.

The statute provides for attorneys' fees where the employer does not institute proceedings for a review and refuses to pay compensation. (*McMurray* v. *Peabody Coal Co.* 281 Ill. 218.) There is no constitutional objection to such a statute and the facts authorized the allowance. The purpose of the statute is to provide a speedy method for the adjustment of compensation, and the payment of the same, without the delays of litigation and the burden of expense and attorneys' fees otherwise imposed upon claimants.

The judgments are affirmed.    *Judgments affirmed.*