(No. 12461.—Judgment affirmed.)

THE WANGLER BOILER AND SHEET METAL WORKS COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(H. B. HERRICK, Admr., Defendant in Error.)

*Opinion filed February 20, 1919.*

1. WORKMEN'S COMPENSATION—*right to damages for death or injury at common law or under Personal Injuries act was vested.* At common law or under the Personal Injuries act the right to damages where an employee suffered death or injury was vested.

2. SAME—*award under the Compensation act takes the place of damages at common law.* Compensation under the Workmen's Compensation act is analogous to and takes the place of damages at common law and under the Injuries act.

3. SAME—*right to compensation, when determined according to law, is vested.* While the right to compensation under the Workmen's Compensation act is not a subject of bequest but continues in the dependents of the beneficiary only in the manner provided by the act, yet such right to compensation, when determined according to law, is a vested right and one that can be affected only by an act of the legislature.

4. SAME—*Compensation act does not provide that re-marriage of beneficiary extinguishes compensation.* The Workmen's Compensation act contains no provision for the extinguishment of compensation where the widow of the deceased employee re-marries, and it cannot be construed to so provide.

5. SAME—*upon what theory Compensation act is based.* The Workmen's Compensation act is based on the broad economic theory that death or injury to an employee arising out of and in the course of employment is an incident of industrial activity and production and that compensation therefor is properly chargeable as a part of the cost of such activity and production.

6. STATUTES—*courts cannot put limitation upon a right legally given by legislature.* The courts have no power to put a limitation upon a right legally given by the legislature unless by a fair construction of the act it can be said that such limitation was in furtherance of legislative intent.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding.

G. A. HODGMAN, RUSSELL B. JAMES, and A. M. FITZGERALD, for plaintiff in error.

P. McWILLIAMS, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Montgomery county entered judgment upon an award by the Industrial Commission for compensation against plaintiff in error for the death of Frank Lewis, due to accidental injury sustained on June 9, 1917. The sole beneficiary of the award and the only dependent at the time of the accident was Reater Lewis, his widow. The installments specified in the award made by the arbitrator appointed by the Industrial Commission were paid in amounts and at the times specified in the award until the widow was re-married to Isaiah Vanderburg, from which time plaintiff in error has refused to pay such award. A petition under paragraph (*g*) of section 19 of the Workmen's Compensation act was presented by defendant in error to the circuit court of Montgomery county

asking for judgment upon the award by reason of such refusal to pay the same. The petition sets out that the beneficiary has re-married. Plaintiff in error filed an answer to the petition, setting up that as the beneficiary had re-married she was no longer a dependent and that payment of compensation should cease. Exceptions were filed to the answer, and it was stipulated that the question should be determined on the petition, answer and exceptions thereto. The circuit court held that the re-marriage of the beneficiary was not a defense to the petition and entered judgment on the award and granted a certificate of importance in accordance with the statute.

It is contended by the plaintiff in error that, as respects the widow and minor children of a deceased employee under the Workmen's Compensation act, the compensation is based on the theory of support for dependents and on that theory alone; that it is intended to provide support for the widow and children during what counsel for plaintiff in error style the "period of adjustment" that follows the death of the bread winner of the family or only so long as such dependency exists, and is intended to relieve society of the burden of caring for such dependents. Counsel cite in support of that contention the provisions of the act found in section 21, that on the death of a dependent the compensation is extinguished unless such dependent is survived by a parent, sister or brother who was dependent on the deceased at the time of his injury, in which case compensation may be diminished.

Section 7 of said act fixes the compensation in case of injury resulting in the death of the employee. Paragraph (f) of said section contains the following proviso: "Provided, such compensation may be paid in a lump sum upon petition as provided in section 9 of this act." Section 9 provides that "any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition

the Industrial Board, asking that such compensation be so paid." That section further provides that upon notice and a hearing, if it appears for the best interest of the parties that a lump sum settlement be had the board may so order it, the section also fixing the method of arriving at the amount of such lump sum to be paid. The section further provides: "Either party may reject an award of a lump sum payment of compensation, except an award for compensation under section 7," etc. Section 1 of the act provides: "That any employer in this State, who does not come within the classes enumerated by section 3 of this act, may elect to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this act, and thereby relieve himself from any liability for the recovery of damages, except as herein provided." Paragraph (*c*) of section 1 provides that the liability of such employer for compensation is to be determined according to the compensation provisions of the act.

Plaintiff in error, unless it is within section 3 of the act, had the right to elect whether it would operate under the act. By operating under the act it became freed from the common law or statutory liability for damages for injuries arising out of and in the course of the employment of its employees. The right to damages for death or injury of an employee, at common law or under the Personal Injuries act, was a vested right. (*Chicago, Peoria and St. Louis Railroad Co.* v. *Woolridge*, 174 Ill. 330.) Compensation under the act in question is analogous to and is to take the place of damages at common law and under the statute. While the right to compensation is not a subject of bequest of the beneficiary but continues in the dependents of the beneficiary only in the manner provided by said act, yet such right to compensation, when determined according to law, is no less a vested right and one that can be affected only by the act of the legislature that gave it.

(*Hansen* v. *Brann & Stewart Co.* 90 N. J. L. 444.) The intention of the legislature to so treat that right is shown by section 9 of the act, which, as we have seen, provides that where a lump sum settlement is awarded by the Industrial Board in case of an injury resulting in death there is no right of rejection either by the employer or beneficiary. The intention of the legislature that such right shall be a vested right is further shown by paragraph (*g*) of section 19 of the act, which provides for judgment in the circuit court on an award where there is a refusal or failure to pay the compensation, such judgment being treated as similar to an execution. *Friedman Manf. Co.* v. *Industrial Com.* 284 Ill. 554.

The Workmen's Compensation act contains no provision for the extinguishment of compensation where the widow of the deceased employee re-marries, and we can see no reason, on principle, for reading such a provision into the act. We do not adopt the view of counsel for plaintiff in error that the basis of the act is merely that of providing support through a "period of adjustment," but, as its title indicates, the act is based on the idea of compensation for death or injury arising out of and in the course of the employment. The act is also based on the broad economic theory that such death or injury is an incident of industrial activity and production, and that compensation therefor is properly chargeable as a part of the cost of such activity and production. The legislature has the power to place limitations upon the rights of beneficiaries, but courts have no power to put a limitation upon a right legally given by the legislature, unless by a fair construction of the act it can be said that such limitation was in furtherance of legislative intent. Such a limitation as is contended for by plaintiff in error cannot be placed on this act without reading into the act that which is not to be found either in its language or spirit. The right to compensation being a vested right of the beneficiary, the liability of the employer, on the

vesting of that right, becomes fixed, and in the absence of an act of the legislature under which such right becomes divested, we are unable to see wherein the conduct of the beneficiary can be said to affect such liability on the part of the employer. If an act on her part does not increase his liability, then, obviously, it is of no concern to him, as his liability has been fixed by law. There appears to be no more reason, in the absence of legislative provision therefor, for holding that re-marriage of the widow would extinguish her compensation, than to hold that such result would follow in case she were to receive a legacy or by her wits acquire a competency within the period for which compensation is to be paid.

The case of *In re Murphy*, 224 Mass. 592, has been cited by counsel for plaintiff in error in support of their contention that the right to compensation in this case ceased upon the re-marriage of the beneficiary. In that case the statute was silent as to the matter of payment of compensation after the death of the beneficiary, and the Massachusetts court held that the compensation was extinguished. Counsel argue that by analogy, the Illinois Compensation act also being silent as to the subject in question, compensation should likewise be extinguished. That case was decided on the ground that at the time of the injury of the deceased employee his mother, who was the beneficiary, was his sole next of kin and the only person dependent on him for support and that upon her death compensation ceased. There is nothing in the case cited which will support the analogy sought to be established with the case at bar.

In the case of *Hansen v. Brann & Stewart Co. supra,* the New Jersey Supreme Court held, under a statute similar to ours, that the re-marriage of the beneficiary, who was the widow of the deceased employee, did not extinguish the compensation. This we believe to be the true rule.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*