JOSEPHINE GIGGNDELLE, Claimant,

vs.

PIEDMONT AND GEORGE'S CREEK COAL COM-
PANY, Employer, and STATE ACCIDENT FUND.

*Workmen's Compensation—Dependent Widow—Remarriage
Without Children.*

Code, Art. 101, Sec. 43, providing that, "on the remarriage
of a dependent widow of a deceased employee without dependent
children," her compensation shall cease, has reference to the
widow's lack of dependent children at the time of remarriage.

p. 27

*Decided June 18th, 1920.*

The cause was argued before Boyd, C. J., Briscoe,
Thomas, Pattison, Urner, Stockbridge, Adkins, and
Offutt, JJ.

*Frank A. Perdew* and *Albert A. Doub,* for the appellant,
submitted the cause on brief.

*Alexander Armstrong, Attorney General,* with whom was
*Allan H. Fisher, Assistant Attorney General* on the brief,
for the appellees.

Adkins, J., delivered the opinion of the court.

The husband of the appellant, while engaged in an extra
hazardous employment, was killed on June 9, 1917, leaving
the appellant and an infant child as his dependents, both of
whom were solely dependent upon him for support. The
State Industrial Accident Commission awarded compensa-
tion at the rate of $12.57 per week, payable to the widow

and infant for a period of three hundred and thirty-eight and one-ninth weeks, beginning as of June 9th, 1917. The insurer was ordered to pay all the compensation to the widow, who was ordered to apply $3.57 of it to the use and benefit of the infant in such manner as to the mother should seem best for the welfare of the child. Later the insurer filed a petition alleging that the infant died on October 30th, 1918, and that the widow remarried on December 11th, 1918, and that the amount required by the order of the Commission to be paid on behalf of the child had been paid up to the date of its death, and that the amount apportioned to the widow had been paid up to the date of her remarriage. The petition prayed for a modification of the order to the effect that payments of compensation may be terminated as of the dates of the death of the child, and of the remarriage of the widow, respectively.

The Commission, Wagaman, Chairman, dissenting, ordered the compensation be terminated as prayed. From this order an appeal was taken to the Circuit Court for Allegany County, and the case was heard by the Court without a jury. Two prayers were offered by the appellee, one on the theory that all compensation on behalf of the infant should cease as of the date of its death, and the other on the theory that all compensation, both on behalf of the infant and widow, should cease as of the date of the remarriage of the widow. The court refused the first and granted the second prayer, and ordered the insurer to pay the balance apportioned on behalf of the infant from the date of its death to the date of the remarriage of the widow, all compensation to cease as of the latter date.

The case comes up on an appeal by the claimant from this order, the insurer not appealing.

The sole question to be decided is the proper construction of Section 43 of Article 101 of the Code, which is in part as follows:

"In case of the remarriage of a dependent widow of
a deceased employee without dependent children, all
compensation under this article shall cease * * * ."

Did the Legislature mean by the language above quoted
that on the remarriage of the widow without dependent chil-
dren of the deceased husband living at the time of such re-
marriage, compensation should cease, or were the words
"without dependent children" intended to refer back to the
date of the death of the deceased?

The respective interpretations of this language contended
for are ably presented by the dissenting opinion of the chair-
man of the Commission, and by the opinion of JUDGE HEN-
DERSON, set out in full in the briefs of appellant and appel-
lee respectively.

As a matter of grammatical construction both views are
possible, although even from this point of view we think the
conclusion reached by the Circuit Court is the sounder. Of
course the legislative intent as gathered from the entire sec-
tion, and from all parts of the Act which throw light upon
it, would be controlling even if the grammatical construction
were doubtful.

And we find no difficulty as to this in reaching the same
conclusion as that arrived at by the Circuit Court.

We can see no reason why the compensation should cease
on the remarriage of the widow when there were no children
at the date of the death of the deceased husband, and not
on the happening of the same event when there were depend-
ent children at the death of the husband, but none at the
time of the remarriage. On the death of the child the widow
was entitled to the entire amount awarded because she was
then the only dependent of her deceased husband, and not,
as to any part of the award, because she had been the mother
of the child; in other words she was in exactly the same posi-
tion in reference to the award as she would have been if she
had been the only dependent at the time of the death of her

husband. The amount of the award, when made, had no reference to the number of dependents but to the character of the dependency.

The case of *Adleman* v. *Ocean Accident and Guarantee Corporation,* 130 Md. 572, cited by appellant, has no bearing upon the question here involved. That was the case of the marriage of a dependent sister. The statute does not provide for the termination of payments in the event of the marriage of a dependent sister; while it does so provide in the event of the remarriage of a widow.

*Order affirmed, with costs to appellee.*