CLARA DOUBLE, Appellant, v. IOWA-NEBRASKA COAL COMPANY et al., Appellees.

**MASTER AND SERVANT:** Workmen's Compensation Act—Fatal In-
1  jury to Minor—Compensation Due Parent. A parent who, at the
time his minor son is fatally injured, is receiving the earnings

of the minor, is entitled, under the Workmen's Compensation Act, to compensation at the statutory rate for 300 weeks, *regardless of the time when the minor would have reached his majority;* and this is true even though the parent is not actually dependent on the earnings of the minor. (Secs. 2477-m9, 2477-m16, Code Supp., 1913; Ch. 220, Sec. 3, 38 G. A.)

**MASTER AND SERVANT:** Workmen's Compensation Act—Injury to Minor. The compensation provided by the Workmen's Compensation Act is a substitute for both: (1) The expense and actual loss of services suffered by a parent on account of an injury to or the death of a minor child; and (2) the damages accruing to a minor's estate subsequent to the time the minor attains his majority.

*Appeal from Lucas District Court.*—D. M. ANDERSON, Judge.

DECEMBER 11, 1924.

ACTION under the Workmen's Compensation Law of Iowa, to recover compensation for a fatal injury to Harold Lager, the minor son of the appellant, Clara Double. It is appellees' contention that the award could not extend beyond the period of decedent's minority. It is the appellant's contention that she is entitled to recover compensation at the prescribed statutory rate for a period of 300 weeks, less 22 weeks' compensation paid decedent during his lifetime. The arbitration committee, the industrial commissioner, and the district court, from which this appeal is taken, ruled the contention in favor of the employer and its insurance carrier, appellees herein. From the judgment entered by the trial court, claimant appeals.—*Reversed.*

*Clarkson & Huebner,* for appellant.

*Miller, Kelly, Shuttleworth & McManus,* for appellees.

DE GRAFF, J.—This appeal presents a question of statutory construction. The specific problem requiring solution may be stated as follows: Is the appellant (the mother of a minor son)

1. MASTER AND
SERVANT: Work-
men's Compen-
sation Act: fatal
injury to minor:
compensation
due parent.

entitled to compensation under the Workmen's Compensation Law of Iowa for a period of 300 weeks, less 22 weeks paid decedent before his death, irrespective of whether or not the minor son would have attained his majority before the expiration of 300 weeks from the time of the injury that caused his death?

Before making answer to this proposition, we deem it necessary to recite the primary facts. The claimant, Clara Double, is the mother of Harold Lager, a minor born December 21, 1903. He sustained a personal injury on January 12, 1923, arising out of and in the course of his employment with the Iowa-Nebraska Coal Company, which resulted in his death, June 23, 1923. The Integrity Mutual Casualty Company, as workmen's compensation carrier for the Coal Company, paid to the injured employee the full amount of workmen's compensation to which he was entitled at the time of his death. On September 20, 1923, Clara Double, as claimant, filed with the industrial commissioner her petition for arbitration, in which she alleged that she was the sole survivor and only dependent of said deceased employee, and that any interest of her husband, Curtis J. Double, stepfather of the deceased minor, had been assigned to her. The arbitration committee found as a fact that Clara Double was not in any degree actually dependent for support upon her minor son at the time of his injury, but that, under the statutory conclusive presumption of dependency, she was entitled, as a parent, to workmen's compensation at $10 per week (2/3 of full weekly rate) from the date of death of her son until December 21, 1924, at which time, had he survived, he would have attained his majority. Upon review, the industrial commissioner confirmed the finding and affirmed the award made. The claimant appealed to the district court, and a judgment was entered affirming the decision of the industrial commissioner. It is from this entry that this appeal is taken.

It becomes necessary for this court to construe the Iowa statute making a parent a dependent of a minor employee, and to determine under the statute whether a parent who is not actually dependent upon the earnings of her minor son is entitled to receive compensation only until the time when he

would have reached his majority, or for the statutory 300 weeks.

The Workmen's Compensation Act, within the scope of its operation, is exclusive. No rights are conferred and no benefits are derived therefrom, except as therein provided. No compensation is provided except for the injured employee or for his dependents. Dependency is a prerequisite to receiving compensation, and the compensation paid is either for earnings lost, earning capacity lost, or physical loss by severance or of function. Section 2477-m9 (h), (i), and (j), (1 to 19, inc.), Code Supplement, 1913. The statutory provisions having a direct bearing upon the instant case are as follows:

"Where injury causes death to an employee, a minor, whose earnings were received by the parent, the compensation to be paid the parent shall be two thirds of the amount provided for payment in Subdivision (d). Section 10." Section 2477-m9 (f).

Subdivision (d) of m9, as amended by Chapter 220, Acts of the Thirty-eighth General Assembly, reads:

"If death results from the injury, the employer shall pay the dependents of the employee wholly dependent upon his earnings for support at the time of the injury, a weekly payment equal to 60 per cent of his average weekly wages, but not more than $15 nor less than $6.00 per week for a period of 300 weeks."

The Compensation Law of Iowa further provides:

"The following shall be conclusively presumed to be wholly dependent upon a deceased employee; * * * (3) A parent of a minor entitled to the earnings of the employee at the time when the injury occurred, subject to provisions of Subdivision (f), Section 10, hereof." Section 2477-m16 (c) (3), Code Supplement, 1913.

Under this record, the decedent is within the terms of m9 (f). He was an employee, a minor, and his earnings were received by his mother. Therefore, the compensation to be paid the mother is two thirds of the amount provided for payment in Subdivision (d), which, under the statute and this record, is two thirds of $15 for a period of 300 weeks. It is conceded that 22 weeks had been paid, and this period of time must be deducted in any event. The question is squarely presented: Is

the claimant, as mother of the decedent, entitled to compensation beyond the period of minority of the decedent? The statute does not expressly provide for the termination of such payment. What is the legal justification for abating or terminating the parent's compensation short of 300 weeks from the date of the occurrence of the fatal injury? Does the presumptive dependency of the mother control? The statute recognizes two kinds of dependency, actual and presumptive. We are not dealing with actual dependency, which is a question of fact. *Serrano v. Cudahy Pkg. Co.*, 194 Iowa 689. The dependency in the instant case is conclusively presumed, and arises by virtue of the statute. Without inquiry as to the wisdom of the legislative policy, the statute conclusively presumes the parent to be wholly dependent upon the minor son, under the facts and circumstances of the instant case. Did the legislature intend that the amount to be paid, when the employee is a minor and the parent entitled to the earnings of the minor at the time when the injury occurred, should be for 300 weeks, regardless of the time when said minor reached his majority?

In *Wrangler B. & S. Metal Works Co. v. Industrial Com.*, 287 Ill. 118 (122 N. E. 366), it is said:

"The legislature has the power to place limitations upon the rights of beneficiaries, but courts have no power to put a limitation upon a right legally given by the legislature, unless by a fair construction of the act it can be said that such limitation was in furtherance of legislative intent."

Our legislature had the power to terminate the parent's compensation when a deceased minor son attained the age of 21. It did not so provide. Does a judicial limitation on the period during which the parent shall receive compensation read into the act that which is not found therein, either in its language or its spirit?

In *Newton v. Rhode Island Co.*, 42 R. I. 58 (105 Atl. 363), the court said:

"The rights of the parties in the premises are wholly dependent upon the provisions of the Workmen's Compensation Act. * * * Unless said act expressly or by necessary implication authorizes the superior court to modify its decree upon the second marriage of the petitioner, and because of such mar-

riage, the question propounded must be answered adversely to the respondents.''

This court said, in *Davey v. Norwood-White Coal Co.,* 195 Iowa 459:

. ''Necessarily, the statutory liability continues until discharged by statutory exceptions.''

Under the Compensation Act of the state of Washington, it is provided that the parent's compensation terminates when the deceased son ''would have arrived at the age of 21 years.'' See *Boyd v. Pratt,* 72 Wash. 306 (130 Pac. 371). Since our Compensation Law is silent on this proposition, the Washington case is in no sense controlling. Nor is the case of *Giggndelle v. Piedmont & G. C. Coal Co.,* 137 Md. 25 (111 Atl. 135), in point, since the ambiguity noted in that case does not exist, under the terms of our statute.

Is our Compensation Law a substitute for the rights and remedies given a parent under Section 3471, Code of 1897? This section reads:

''A father, or, in case of his death or imprisonment or desertion of his family, the mother, may as plaintiff maintain an action for the expenses and actual loss of service resulting from the injury or death of a minor child.''

In *Hilsinger v. Zimmerman Steel Co.,* 193 Iowa 708, it was held, in effect, that the Workmen's Compensation Act does not repeal Section 3471, but it circumscribed and limited the operation of the law. It is written:

''It must be said, therefore, that the Compensation Act does operate upon the rights accruing under Section 3471 to the parents of a minor, before the enactment of the Compensation Act; that, though it has not repealed Section 3471, either expressly or by implication, yet it has necessarily narrowed its field of application to cases arising outside the field of the Compensation Act itself. Industrial injuries are to be compensated for by the methods of the Compensation Act, and not otherwise.''

May we reason by analogy, and hold that a parent's compensation should terminate when a deceased minor child would have reached the age of 21, on the theory that the Compensa-

2. MASTER AND
   SERVANT: Work-
   men's Compen-
   sation Act: in-
   jury to minor.

tion Law is a substitute for Section 3471? Is it logical to say that the parent's right to collect compensation under the Compensation Act, terminates when the minor reaches his majority, for the reason that Section 3471 is not operative beyond the minority of the injured person? We think not. The compensation contemplated is not only a substitute "for the expenses and actual loss of service resulting from the injury or death," but it is also a substitute for damages accruing to a minor's estate subsequent to the time when the minor would have attained the age of 21. The parents are the beneficiaries of any damages which the administrator may recover on account of a fatal injury sustained by a minor. In addition to such damages, the parents had a right to bring an action in their own names, to recover for the items specifically mentioned in the statute. In the enactment of the Workmen's Compensation Law, the rights and remedies provided therein were made exclusive of all other rights and remedies, and the parent became the sole beneficiary.

Under the circumstances of the case at bar, a parent's compensation is reduced to two thirds of 60 per cent of the average weekly wage (with a maximum of $15) for a period of 300 weeks. To modify this provision by judicial construction would be to ignore or abrogate the law as written. Clearly, the function of m9 (f) of Section 2477 is to fix definitely the amount of compensation a parent shall receive when an injury causes the death of a minor employee whose earnings were received by the parent. It is immaterial that the parent was not actually and in fact dependent upon the minor. The statute declares that the parent shall be conclusively presumed to be wholly dependent upon said minor at the time of the injury which caused his death. There is but one section of the Compensation Law which provides compensation for a wholly dependent, and that is m9 (d). The legislature, in its charity and generosity, conclusively presumed that the parent under the instant facts was wholly dependent upon the deceased minor at the time of the injury, and in specific language provided that the parent should be compensated as such. The only distinction made by our statute between parents conclusively presumed to be wholly

dependent and other wholly dependents is that a parent receives but two thirds the amount that other wholly dependents would receive under like conditions. The statute makes no other modification and fixes no other limitation.

We do not view the right of compensation as a vested right, in the sense that, upon death, it passes to his heirs or personal representative. See *Smith v. City of Bluffton,* (Ind.) 141 N. E. 532; and note at 29 A. L. R. 1426. It is such a right, however, if accrued, that it could not be legally abridged by subsequent legislation.

In *Adelman v. Ocean Acc. and Guar. Corp.,* 130 Md. 572 (101 Atl. 529), it is said:

"When we speak of the right to the compensation as vesting in the beneficiary, we do not mean to indicate that the right of those partly dependent to the compensation awarded them is a vested right, in the sense that, if they should die before the completion of the weekly payments allowed them, their right to the same would devolve upon their personal representatives. * * * But that the right to the compensation provided by the statute vests in such beneficiaries in the sense that it is not conditional upon their remaining unmarried, and that the marriage of such a beneficiary does not authorize the abatement of the compensation by the commission, we think is free of doubt."

See, also, *Wrangler B. & S. Metal Works Co. v. Industrial Com.,* supra.

In our own case of *Davey v. Norwood-White Coal Co.,* supra, we said:

"There is no provision of the statute which contemplates any change in compensation awarded to dependents because of the death of the employee, except the one above quoted, wherein the remarriage of the widow is made a ground for canceling compensation, if there be no dependent children."

See, also, *Hansen v. Brann & Stewart Co.,* 90 N. J. L. 444 (103 Atl. 696).

The question in this case is not what the legislature in its wisdom should have provided, but what has the legislature provided? It is not judicial function to question legislative policy.

"The wisdom of legislators in framing positive laws to

answer all the purposes of justice has seldom, if ever, been found equal to the subject.'' *Osgood v. Names,* 191 Iowa 1227.

Clearly, the right to defined compensation is not lost, unless there is some provision of the Compensation Act providing for its termination or abatement. Under the Massachusetts law, a child under the age of 18 is conclusively presumed to be dependent upon his parents. The section of the act is substantially the same as provided under our statute, Section 2477-m16 (c) (2), except that our statute fixes the age as ''under 16 years.''

In *Cronin's Case,* 234 Mass. 5 (124 N. E. 669), it was held that the compensation did not terminate when the son attained the age of 18. It is said:

''The dependent at the time of the agreement was 'conclusively presumed to be wholly dependent for support' on the father. * * * Such dependency was created by the statute as of the time of the injury, and the amount payable, within defined limits, was controlled by the statute. * * * Where dependency, as in this case, is not to be determined as a question of fact, but exists by virtue of the statute, it is not affected by the wealth or poverty of the dependent. * * * There is no distinction between a widow conclusively deemed to be dependent and a son as to whom the same conclusive statutory presumption exists.''

See, also, *Bott's Case,* 230 Mass. 152 (119 N. E. 755).

We conclude, therefore, that the appellant is entitled to compensation at two thirds of $15 per week for 300 weeks, less the 22 weeks' compensation paid the decedent during his lifetime. Wherefore, the judgment entered by the trial court is— *Reversed.*

ARTHUR, C. J., and PRESTON, FAVILLE, and VERMILION, JJ., concur.