CLARENCE J. D. MILLER v. TATE TILE & SILO COMPANY AND ANOTHER.[1]

June 11, 1926.

No. 25,453.

**Compensation when widow of employe remarries.**

    Amount to be paid to widow of employe without children who remarries governed by L. 1921, c. 82, § 15. [Reporter.]

Workmen's Compensation Act, C. J. p. 99 n. 56.

Certiorari by the widow and sole dependent of a deceased workman to review a decision of the Industrial Commission under the Workmen's Compensation Act. Reversed.

*Mead & Bryngelson,* for relator.
*Campbell & Burness,* for respondents.

    PER CURIAM.
    Certiorari to review a decision of the Industrial Commission.
    The relator's husband died from accidental injuries received in July, 1921, while in the course of his employment as the servant of the respondent Tate Tile & Silo Company, and in August of that year relator was awarded compensation in the amount fixed by the statute, viz. $7,500, payable at the rate of $8.40 a week. There were no children. On August 29, 1925, relator remarried. At that time one-half of the amount awarded and still unpaid was $2,849.40, less $2.48 overpaid. The statute applicable to her rights reads:
    "In the case of remarriage of a widow without children, she shall receive a lump sum settlement equal to one-half of the amount of the compensation remaining unpaid. This sum shall be paid to her within sixty (60) days after written notice to the employer of such remarriage." L. 1921, p. 100, c. 82, § 15, subd. 11.
    The commission deemed § 25 of said chapter controlled the amount of the sum relator was to receive. It provides: "The amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments only by order of the commission and on such terms and conditions as the commission may prescribe. In making such com-

[1]Reported in 209 N. W. 630.

mutations the lump sum payments shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a six per cent basis."

The subdivision from § 15 above quoted is so simple and clear that there is no room for construction. It plainly provides that when a widow who has been awarded compensation, her husband having left no children, remarries, the employer must within 60 days after receiving notice of such remarriage pay her a lump sum equal to one-half of the compensation then unpaid. The statute awards her that without any action of the commission. No power or discretion is given the commission to commute or fix the sum to be paid. The widow was entitled to receive in this case $8.40 per week until she had been paid the full sum of $7,500. But when she married again the weekly payments terminated. She no longer was entitled to what remained of the $7,500, but must be satisfied with one-half thereof. Neither the Industrial Commission nor the courts may modify or withhold what the statute says shall be paid her.

Section 25 above quoted relates to cases where the law provides for continued periodical payments, which may in the discretion of the commission be commuted into one or more payments and, when this is done, then the present value of the entire compensation is to be calculated on a six per cent basis. In case of the marriage of a widow the periodical payments cease by virtue of the statute which also fixes the lump sum payment to be made in express terms. That a subsequent legislature has seen fit to make doubly clear what before was clear enough should not serve to create ambiguity. Nor, where the statute is so definite as here, will the fact that later legislatures have very much cut down the portion a widow on remarriage shall receive by way of settlement serve either an administrative body or the courts as an excuse for substituting what is thought more equitable.

Relator is entitled to the sum of $2,846.92 with $50 attorneys' fees in this court, and the decision of the Industrial Commission is reversed with direction to proceed in conformity to this opinion.