REGINA WARNER v. ARTHUR F. ZAISER AND ANOTHER.[1]

December 11, 1931.

No. 28,678.

*Junell, Oakley, Driscoll & Fletcher* and *Stephen E. Jones,* for relators.

*Weikert, Lohmann & Felhaber,* for respondent.

HILTON, J.

Certiorari to review a decision of the industrial commission awarding a lump sum as unpaid compensation to petitioner, a dependent widow without children, for the accidental death of her husband arising out of and in the course of his employment.

The husband died December 22, 1922. The maximum compensation of $7,500 under the original award of the commission was to be paid in weekly instalments of $8. Pursuant to that award the insurer paid the weekly compensation until July 15, 1925, when petitioner remarried. Shortly thereafter, in accordance with a de-

[1]Reported in 239 N. W. 761.

termination of the industrial commission, the insurer paid petitioner $2,113.83, the then present worth of one-half of $6,356, which was the remaining unpaid portion of $7,500. She should have received $3,178, the entire half of the remaining unpaid portion, without deduction.

On June 11, 1926, in Miller v. Tate T. & S. Co. 168 Minn. 512, 209 N. W. 630, this court held that the amount paid in a situation such as is above presented should be the one-half of the balance of the unpaid $7,500 compensation and not the present worth of that balance, stating:

"The widow was entitled to receive in this case $8.40 per week until she had been paid the full sum of $7,500. But when she married again the weekly payments terminated. She no longer was entitled to what remained of the $7,500, but must be satisfied with one-half thereof. Neither the industrial commission nor the courts may modify or withhold what the statute says shall be paid her."

In the instant case the matter was again properly brought before the commission and heard by it on May 19, 1931, at which time the commission found that petitioner was entitled to recover a further payment of $1,064.17, being the amount improperly deducted in the previous award. That determination of the commission is now here for review.

Relators now claim they have overpaid petitioner because under the 1923 law their liability after the remarriage of petitioner was limited to a lump sum payment not to exceed an amount equal to $8 per week for two years.

The compensation law in force at the time of the death was L. 1921, p. 90, c. 82. Subd. 11 of § 15 thereof provides:

"In the case of remarriage of a widow without children, she shall receive a lump sum settlement equal to one-half of the amount of the compensation remaining unpaid."

The 1921 law was amended by L. 1923, p. 398, c. 300, § 4 whereof reads:

"In the case of remarriage of a widow without dependent children, she shall receive a lump sum settlement equal to one-half of the amount of the compensation remaining unpaid but not to exceed two full years' compensation."

The only question before us for determination is whether the rights of the respective parties, petitioner, employer, and insurer are to be governed by the 1921 law or by the 1923 law, above quoted. The determination of the commission was that the 1921 law was controlling.

It is contended by relators, and probably rightly so, that the only question for determination in the Miller v. Tate T. & S. Co. case, 168 Minn. 512, 209 N. W. 630, was whether the amount to be paid to the widow upon her remarriage was one-half of the remaining portion of the $7,500 that had not been paid prior to her marriage or one-half of the then present worth thereof. The decision held that it was the former. It is insisted with much force that the statement hereinbefore quoted from that decision was relative to a matter that was not before the court for determination, it not having been raised or argued, and if that be the situation it is not stare decisis. However, the question is now properly raised. We reach the conclusion that the above quoted statement is correct.

The rights of the petitioner herein were fixed and established by the law in force at the time of the death of her husband. Under the 1921 law she was entitled (a) to receive as long as she remained unmarried $8 per week until the $7,500 had been paid; (b) in case she remarried, to receive in a lump sum one-half of the unpaid portion of the $7,500. Each of these rights was on an equal footing. It was not competent for a subsequent legislature to take away or infringe upon either one of them.

The quoted 1923 law applied only to claims arising because of death occurring after the law had taken effect. It had no retroactive effect; it could not lawfully deprive petitioner of a substantive right which accrued to her under the 1921 law.

A contractual relationship existed under the law at the time of the husband's death between petitioner, the employer, and the in-

surer. Tierney v. Tierney, 176 Minn. 464, 223 N. W. 773; G. S. 1923 (1 Mason, 1927) § 4271. It was beyond the power of the legislature to impair the existing obligation.

If the legislature could go as far as is claimed by relators, it could by appropriate enactment cut off all payments after remarriage and, by the same reasoning could, before remarriage, change the law so as to stop weekly payments before the full $7,500 was paid, if a certain event happened. If the 1921 law had provided that the widow should receive a certain amount per week until the $7,500 had been paid, and in case she became totally disabled she should receive double that weekly indemnity, it could not be seriously contended that after her rights had been fixed by the death of the husband a subsequent law could deprive her of the increased compensation if she became thus disabled.

The argument that the second provision in the 1921 law creates a new right vesting only upon her remarriage (an event which may never happen) and hence may be abridged by subsequent legislation, is not sound. True, she may never remarry; but it is just as true that she may never be totally disabled. A new right was not created; both rights became fixed at the husband's death; which right was to be in operation depended upon whether she remarried. In the case of the above illustration, it would depend upon whether she became totally disabled.

The provisions of the workmen's compensation law do not become fixed as to interested parties at the time the employment begins. The obligations and rights of the parties as to weekly compensation and other benefits to the employe do become fixed at the date of a compensable accident; as to benefits and liabilities arising because of the employe's death, they become fixed at the time of the death. The legislature may change the scale of weekly or other benefits prior to the occurrence of the accident; it may change the benefits to be received by the widow of an employe prior to the death. The rate of compensation, whether for injury or death, may not be changed after the event takes place that fixes the rights of the parties under the law in force at that particular time.

602

See generally State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N. W. 661; State ex rel. Globe Ind. Co. v. District Court, 132 Minn. 249, 156 N. W. 120; State ex rel. Berwind Fuel Co. v. District Court, 138 Minn. 213, 164 N. W. 812; Eberle v. Miller, 170 Minn. 207, 212 N. W. 190; Davey v. Norwood-White Coal Co. 195 Iowa, 459, 192 N. W. 304; Kramer v. Tone Bros. 198 Iowa, 1140, 199 N. W. 985; Double v. Iowa-Nebraska Coal Co. 198 Iowa, 1351, 201 N. W. 97; Wangler B. & S. M. W. Co. v. Industrial Comm. 287 Ill. 118, 122 N. E. 366; Adleman v. Ocean A. & G. Corp. 130 Md. 572, 101 A. 529, Ann. Cas. 1918B, 730; Hansen v. Brann & Stewart Co. 90 N. J. L. 444, 103 A. 696.

The decision of the industrial commission is affirmed; attorneys' fees of $50 are allowed to petitioner in this court.

Affirmed.