HAZEL M. STEGNER v. CITY OF ST. PAUL.
SARAH STEGNER VEIT, RESPONDENT.[1]

June 16, 1933.

No. 29,438.

*Lewis L. Anderson* and *Edwin Murphy,* for relator.
*Samuel Lipschultz* and *Sydney W. Goffstein,* for Hazel M. Stegner.

*WILSON, Chief Justice.*

Certiorari to review an order of the industrial commission awarding compensation.

George R. Stegner, one of the relator's employes, on October 12, 1922, met death under circumstances creating liability under the workmen's compensation act. His dependents were his wife, Sarah Stegner, and Dorothy L. Stegner, a six-year old daughter by a former marriage. Hazel M. Stegner, the divorced wife and mother of said minor, was given the custody of the child and is now her guardian. An award of compensation was duly made by which the

[1]Reported in 249 N. W. 189.

relator was directed to pay to Sarah Stegner, the widow, $4 a week, and $12.15 a week was to be paid to said guardian for said minor. The payments were to commence October 12, 1922, and to continue during dependency, but not to exceed $7,500.

On December 19, 1924, Sarah Stegner married one Veit. She had then received $464. Thereupon she and the relator entered into a stipulation and agreement under which she was to receive $696.79, or one-half of the remaining compensation she would have received had she not remarried, as a lump sum settlement. This final settlement was approved by the industrial commission, and the amount was paid. Relator continued to pay the $12.15 weekly payment to the guardian until there was $1,422.70 unpaid of the $7,500. This disregards the $696.79 paid pursuant to the approved final settlement. The guardian claimed that she was entitled to receive the full $1,422.70, and relator claimed (1) credit for the $696.79 which was paid to the widow and (2) that the settlement extinguished the other half so that it would not have to be paid at all. The guardian petitioned for an award for the payment of the $1,422.70, and the relator now brings to us for review the decision of the industrial commission granting the guardian's petition.

The law in force at the time of the death governs the lump sum settlement on remarriage. Warner v. Zaiser, 184 Minn. 598, 239 N. W. 761; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10388. The controlling portion of the statute then in force is L. 1921, p. 90, c. 82, § 15(11), which is as follows:

"In the case of remarriage of a widow without children, she shall receive a lump sum settlement equal to one-half of the amount of the compensation remaining unpaid. * * * In case of remarriage of a widow who has dependent children, the unpaid balance of compensation which would otherwise become due to her shall be paid to such children."

In this case the widow was not a mother. She was "a widow without children" and was therefore entitled to the settlement which the relator made with her. It will be noted that the statute says that if she had dependent children they would receive the un-

paid balance of compensation. But in such a case as this the statute is not clear as to the disposition or application of the other "one-half of the amount of compensation remaining unpaid." There is little reason to suppose that the legislature intended to be more considerate of the widow's children, whether children of the deceased employe or a former husband, than of the children of the decedent. Nor is there any real reason to give the employer the benefit of the change incident to remarriage to the exclusion of minor children.

The whole spirit of the act would indicate that the compensation loss by the widow because of the remarriage should inure to decedent's minor child rather than to have the employer benefit thereby to the exclusion of the dependents of the deceased employe. It must be remembered that the act is for the benefit of the dependents. State ex rel. Radisson Hotel v. District Court, 143 Minn. 144, 172 N. W. 897; Lunceford v. Fegles Const. Co. 185 Minn. 31, 239 N. W. 673.

We have repeatedly held that the compensation act is remedial legislation in character and that it is to be construed liberally in order to effectuate its purposes. It should also be noted that L. 1921, p. 90, c. 82, § 66(b), reads as follows:

" 'Child' or 'children' shall include posthumous children and all other children entitled by law to inherit as children of the deceased, also stepchildren who were members of the family of the deceased at the time of his injury and dependent upon him for support."

We reach the conclusion that the widow was entitled to what she received, and that the award gave the petitioner $696.79 more than the amount to which she was entitled. The case is remanded with directions to reduce the award to $726. Attorneys' fees of $50 are allowed to petitioner in this court.

Remanded.