# CLEO OLSON v. NATIONAL TEA COMPANY.[1]

March 27, 1942.

No. 33,061.

*Robbins & Davis,* for relator.
*Best, Flanagan & Rogers,* for respondent.

PETERSON, JUSTICE.

On August 10, 1937, the employe, Einar Olson, died from accidental injury, leaving him surviving his widow but no children. On August 11, 1937, the industrial commission awarded her as his sole dependent compensation at the rate of $10.56 per week.

On April 5, 1941, she remarried. Compensation was paid from August 10, 1937, to April 10, 1941, a period of 190 2/3 weeks, amounting to $2,013.44. In addition to the regular weekly pay-

[1]Reported in 3 N. W. (2d) 225.

ments, two lump sum payments were ordered by the commission upon the widow's petition and the employer's consent, one on November 3, 1937, for $353.06, representing "the last 55 weeks," and the other on May 8, 1940, for $113.83, representing "the last 16 weeks" compensation, both computed on the then present value thereof at five per cent interest. At the date of her remarriage the widow had received in all $2,480.33.

On April 16, 1941, the commission awarded her 104 1/3 weeks' compensation, amounting to $1,101.76, as a lump sum settlement upon remarriage. The lump sum *payments,* which without deduction of interest to determine the present cash value as of date of payment amounted to $521.44 for 49.38 instead of 71 weeks, were deducted from the lump sum *settlement,* leaving a balance of $580.32 as the net award.

Subsequently Mrs. Olson filed a claim petition for an additional award to cover the amount of the deduction for the lump sum payments. The commission denied the petition, and she brings *certiorari* to review its decision.

The widow contends that the lump sum *payments* were not deductible from the award upon her remarriage upon the grounds that such payments were for the "last" 71 weeks of compensation, to which she was entitled at the time thereof as the unmarried widow of the employe, and that the commission was without power to reapply the payments to reduce her award upon remarriage.

A widow who is the sole dependent of a deceased employe is entitled to receive not to exceed $7,500 compensation in weekly payments. Mason St. 1927, § 4275(19). Her right to compensation upon remarriage is governed by Mason St. 1940 Supp. § 4275(11), which so far as here pertinent reads:

"In the case of remarriage of a widow without dependent children she shall receive a lump sum settlement equal to one-half of the amount of the compensation remaining unpaid, without deduction for interest, but not to exceed two full years' compensation."

If she had not remarried, the widow would have been entitled to receive 710 and a fraction weeks' compensation at the rate stated. By her remarriage, her right to receive the compensation remaining unpaid was terminated, and in lieu thereof she became entitled to a lump sum settlement for one-half of the compensation remaining unpaid, but not to exceed two full years thereof. The remarriage operated as an election to terminate the continued payment of compensation weekly until she had received the full $7,500 and to accept in lieu thereof the lump sum settlement provided for in § 4275(11).

Since she had received $2,480.33 at the time of remarriage, the compensation remaining unpaid was $5,019.67. One-half thereof is $2,509.84. Hence she was entitled to $1,101.76 for the two years. The only remaining question is whether this amount is subject to deduction for the lump sum payments.

The lump sum payments were to be for the "last" 71 weeks without further specification. There was no provision that the payments for the last 71 weeks were those to which she was entitled if she remained unmarried any more than they were to represent the lump sum to which she might become entitled upon remarriage. They were simply the "last" 71 weeks. The fact of the matter is that the parties, by their stipulation, and the commission, by its order, intended that the lump sums were payment of compensation which the widow was entitled to receive in the future. By the same token, it was not intended that the lump sums were payment of future compensation to which she was not entitled. If her contention is correct that the lump sums were payment of future compensation payable to her as an unmarried widow, she received by that much compensation to which she was not entitled. The compensation payable to the widow was at all times contingent upon her election to remain single or to remarry. Only she could determine whether she was to receive the remaining unpaid compensation as a widow or a lump sum settlement upon remarriage. If instead of being entitled to two full years' compensation upon remarriage the widow was entitled to only

100 weeks payable in a lump sum, could anyone doubt that the 100 weeks would be the "last" ones and the "last" 71 weeks should be deducted therefrom?

The widow's remarriage did not change the rights of the parties. It merely eliminated the contingency as to what compensation she should receive, because thereby she became entitled only to the lump sum settlement. Likewise, as a necessary incident, it definitely determined what particular payments the lump sum payments represented. The lump sum *settlement* represented the "last" 104 1/3 weeks' compensation to which she was entitled. The lump sum *payments* therefore were properly deductible therefrom. The commission has the power to adjust the accounts between employer and employe for compensation payments. Where a widow has been overpaid at the time of her remarriage, the amount due her may be adjusted by deducting the overpayment. Miller v. Tate Tile & Silo Co. 168 Minn. 512, 209 N. W. 630; see Stegner v. City of St. Paul, 189 Minn. 290, 249 N. W. 189. Likewise, she may be charged with payments received in determining the amount actually due to her. Of course no such deduction could be made of an ordinary debt. Gregg v. New Careyville Coal Co. 161 Tenn. 350, 31 S. W. (2d) 693.

Writ quashed and order affirmed.