NANCY CHRISTIANSEN ENGHUSEN, MOTHER AND NATURAL GUARDIAN OF JOHN A. CHRISTIANSEN, v. H. CHRISTIANSEN & SONS, INC., AND ANOTHER.

107 N. W. (2d) 843.

February 24, 1961—No. 38,156.

*Lewis, Hammer, Heaney, Weyl & Halverson,* for relators.
*Reavill, Jenswold, Neimeyer & Johnson,* for respondent.

NELSON, JUSTICE.

Relators seek to review by certiorari a decision of the Industrial Commission affirming findings and a determination by its referee. The matter was considered by both referee and commission upon stipulated facts which briefly were as follows:

On June 13, 1951, Alan R. Christiansen, the deceased employee, was in the employ of the employer and sustained an accidental injury arising out of and in the course of his employment, which injury resulted in his death upon the same day. There is no question of compensability.

Employee left surviving him his widow, Nancy, and a son, John, as his sole dependents within the provisions of the Workmen's Compensation Act of Minnesota. The same two persons were also the sole next of kin within the meaning of the death-by-wrongful-act statute, Minn. St. 573.02.

Following this fatal accident, the employer and insurer paid compensation in the sum of $1,650 and $350 statutory burial allowance, making a total of $2,000.

At this stage in the proceedings the widow, as trustee, made in behalf of herself and her son a third-party settlement arising out of the death of the deceased in the sum of $11,500 which was disbursed without costs or expenses of any sort. These settlement proceeds were distributed in accordance with an order of the District Court of St. Louis County which directed the trustee to (1) reimburse the workmen's compensation carrier in the sum of $2,000; (2) pay to herself as surviving spouse the sum of $4,750; and (3) pay to herself as guardian of the estate of John Alan Christiansen, the sole child of said decedent and the other next of kin, the sum of $4,750.

Thereafter, Nancy Christiansen, the surviving spouse, was married to James H. Enghusen. Said marriage took place 87 1/5 weeks subsequent to the death of the decedent.

Since the third-party settlement and distribution, the insurer has made no further payment of compensation benefits.

Relators, who are the employer and insurer, contend that the Industrial Commission erred in making certain findings, the gist of which is fully explained in the referee's memorandum reading as follows:

"The obligation of the employer as of June 13, 1951, was to pay not to exceed $10,000.00 as compensation. The only payments which can be charged against this figure are the sums actually paid as compensation and amounts netted from the third party settlement by various dependents only to the extent to which said dependent is entitled to dependency compensation benefits. In this case the widow is entitled to compensation for a period of 87 1/5 weeks from the death to date of remarriage or the sum of $1,199.00. The widow's claim was more than satisfied by the amount which she netted from the third party settlement. None of this surplus, of course, can be applied in derogation of the dependent orphan's claim. The dependent orphan netted from the third party settlement $4,750.00. Deducting these two figures from the total compensation liability leaves a balance of $4,051.00, which is all accrued and due the dependent orphan as dependency compensation. The fact that a sum in excess of the total compensation liability was received in a third party settlement does not necessarily mean that the dependency liability of all claimants is actually satisfied. To hold otherwise in the instant case would be that during approximately 163 plus weeks the dependent orphan would be without compensation benefits."

The principal questions involved on this appeal relate to the proper construction of Minn. St. 1949, §§ 176.06, subd. 2, and 176.12, subd. 11. (Substantially the same provisions are now embodied in Minn. St. 176.061, subd. 5, and 176.111, subd. 11.) The portion of Minn. St. 1949, § 176.06, subd. 2, pertinent to this controversy reads:

"* * * or where said party or parties other than the employer are not insured or self-insured at the time of such injury or death as provided by § 176.03, legal proceedings may be taken by the employee or dependents against such other party or parties to recover damages, notwithstanding the payment by the employer or his liability to pay compensation hereunder, but in such case, if the action against such other party or parties is brought by the injured employee, or, in case of his death, by his dependents, and a judgment is obtained and paid or settlement is made with such other party, either with or without suit, the employer shall be entitled to deduct from the compensation

*payable by him the amount actually received by such employee or dependents after deducting costs * * *."* (Italics supplied.)

That portion of § 176.12, subd. 11, applicable to the situation reads as follows:

"* * * In case of remarriage of a widow who has dependent children the unpaid balance of compensation *which would otherwise become her due* shall be payable to the mother * * * for the use and benefit of such children during dependency * * *." (Italics supplied.)

The legal issue involved may be thus stated:

(1) Are the employer and insurer entitled to claim credit against the recovery by the surviving spouse in an action for death by wrongful act only to the extent of the proportionate share of compensation payable to her during widowhood?

(2) Is the credit against compensation payable in cases where a third-party recovery is made subject to recomputation because of a later change in the dependency status of one or more of the dependents?

(3) When the sole dependents are the surviving spouse and a minor child, is such a dependent minor child, under the Workmen's Compensation Act of Minnesota, entitled to receive the maximum compensation payable to dependents after deducting the compensation payable to the surviving spouse during widowhood and the amount such dependent child in fact received in settlement of an action for death by wrongful act?

The Industrial Commission answered each of these questions in the affirmative.

Relators contend that the whole recovery in the third-party action should be credited to them against any sums that may become payable as compensation to the son as a dependent.

■ Under our decisions the insurer became subrogated to the extent of the orphan son's common-law recovery. Wandersee v. Brellenthin Chevrolet Co. 258 Minn. 19, 102 N. W. (2d) 514. The employer and insurer are entitled to claim credit against the recovery by the surviving spouse in the third-party action only to the extent of the

compensation payable to her during the period of her widowhood. By her marriage she ceased to be a dependent under the compensation act, the child, John Alan Christiansen, becoming thereafter the sole dependent. As such, he is entitled under the compensation act to receive compensation based upon the difference between the maximum compensation payable to dependents and the amount payable to the surviving spouse during her widowhood after deducting from such total dependency the amount such dependent received as his share by order of the district court in settlement of the third-party action.

Respondent contends that the applicable statutory provisions, as well as the decisional law, require an affirmance of the Industrial Commission's decision.

In Joel v. Peter Dale Garage, 206 Minn. 580, 289 N. W. 524, 24 Minn. L. Rev. 719, the issue before the court was whether distributive shares received by nondependent adult children of the decedent employee in the settlement of an action against a third party for death by wrongful act should be included in determining the credit which the employer and insurer might claim as an offset against their liability under the Workmen's Compensation Act. The referee and the Industrial Commission held in the Joel case that the employer was entitled to credit only for the amount received by the widow and *dependent* children. The employer in that case contended that the provisions of the Workmen's Compensation Act relative to dependency payments were intended to amend or supplement the death-by-wrongful-act statute and that proceeds of the settlement should have been distributed only to those who were dependents under the compensation law. This court in affirming the decision of the Industrial Commission held that was not the intent of the legislature and that the two acts are completely separate, noting that it would not be logical for the legislature to limit recovery to dependents where the injury was one for which compensation is payable but not so to limit recovery where compensation is not payable.

■ In the instant case the dependency of the widow terminated because of her remarriage. Since employer and insurer are only liable for payment of compensation during dependency, it must be equally

true that they are entitled to subrogation only for compensation payments for which they are liable because of such dependency.

In Fehland v. City of St. Paul, 215 Minn. 94, 100, 9 N. W. (2d) 349, 353, this court differentiated between the death-by-wrongful-act statute and the Workmen's Compensation Act as follows:

"* * * In a wrongful death case there must be tort or negligence on the part of the employer. Under that law the measure of damages is *the monetary loss to the heir or heirs of the decedent.* The action can be brought only by the administrator or executor of the decedent's estate. Under the workmen's compensation law the compensation is based on the wage of the decedent at the time of his 'death, and a definite proportion of such wage is awarded, depending on the degree of dependency and the relationship of the dependents to the deceased employe. * * * It follows that under the compensation law the award of compensation for death, being based on the dependent's weekly wage at the time of his death and payable at the intervals when the wage was payable, is not a definite total amount as in a wrongful death case, but the final amount to be paid depends upon future contingencies." (Italics omitted.)

◼ Respondent has cited Stegner v. City of St. Paul, 189 Minn. 290, 249 N. W. 189, suggesting that, although the decision is not precisely in point because of changes in the compensation law, the principle stated lends support to the decision of the Industrial Commission in the instant case. In that case we stated (189 Minn. 292, 249 N. W. 190):

"The whole spirit of the act would indicate the compensation loss by the widow because of the remarriage should inure to decedent's minor child rather than to have the employer benefit thereby to the exclusion of the dependents of the deceased employe. It must be remembered that the act is for the benefit of the dependents."

◼ Since subrogation rights of employer and insurer are created by statute in derogation of the common-law rights of the dependents, they must be strictly construed against the employer and insurer and in favor of the dependents. Respondent contends that even if it were held that the employer and insurer were entitled to subrogation in the

absence of a statutory provision it is clear that they would have to satisfy their entire compensation liability before any right to subrogation would arise. See, 18 Dunnell, Dig. (3 ed.) § 9036, et seq. The insurer in the instant case has in fact paid nothing, having been reimbursed in full for the compensation benefits and the statutory burial allowance it had paid prior to the settlement of the third-party action.

In Molz v. Hansell, 115 Pa. Super. 338, 175 A. 880, a deceased employee had left one legitimate and two illegitimate children surviving him. In Pennsylvania both legitimate and illegitimate children were entitled to dependency compensation benefits, but the latter could not recover damages for their father's death under the death-by-wrongful-act statute. The legitimate child of the deceased employee sought to recover such damages and made a settlement of her action wherein she agreed that one-half of the settlement sum should be paid to the two illegitimate children. The compensation board authorized the employer and its insurer to deduct the money received in the settlement not only from the compensation awarded to the legitimate child but also from that awarded to the illegitimate children. The court held that subrogation rights of the employer and insurer did not extend to the compensation awarded the illegitimate children and that the action of the legitimate child in voluntarily dividing the damages legally payable to her with them could have no effect on such subrogation rights.

■ Where there remains a continuing liability under the Workmen's Compensation Act subject to changes in dependency, the ultimate rights of the beneficiaries cannot be finally determined until such rights are definitely fixed by the occurrence of all contingencies which may affect dependency.

■ It appears to us that the weight of authority supports the proposition that an employer or insurer under the compensation acts of the various states is only entitled to subrogation to the extent it is actually liable for the payment of compensation benefits. Cf. 101 C. J. S., Workmen's Compensation, § 992. That the Industrial Commission retains jurisdiction to determine the credit to be allowed against workmen's compensation liability is supported in the following from the

opinion of the late Mr. Justice Matson in Nyquist v. Batcher, 235 Minn. 491, 500, 51 N. W. (2d) 566, 572, 36 Minn. L. Rev. 549:

"* * * Significantly, the rights of the deceased employe's wife and children as next of kin under the wrongful-death act are by no means identical with their rights as dependents under the workmen's compensation act. Under the former, any amount recovered is for pecuniary loss and, after the payment of the funeral bill, is to be distributed as personalty to decedent's spouse and next of kin as in case of intestacy *without regard to dependency.* See, 2 Dunnell, Dig. & Supp. § 2601. In contrast, however, an award under the compensation act is based on dependency and not on pecuniary loss. The benefits payable to the employe's spouse and minor children, even though authorized by the award in a certain maximum amount, continue only as long as the status of dependency continues to exist. *The right of the wife to continued compensation payments ceases with her remarriage, but not so as to her right to share in the proceeds of any recovery under the wrongful-death act.* The compensation-paying burden of the employer, regardless of the amount of the maximum award, is at all times subject to decrease, or even complete termination, by a change in the status of the recipients, such as that effected by a remarriage of the wife, the death of any or all of the dependents, or a cessation of dependency of minor children by the attainment of a higher age. § 176.12. *If the dependent wife remarries during the pendency of a wrongful-death action, her right to a one-third share under the wrongful-death act stands unimpaired; and this one-third share may far exceed the total of compensation benefits she has theretofore received.*" (Italics supplied.)

■ This court made it clear in the Nyquist case that any action brought under Minn. St. 1949, § 176.06, subd. 2, to recover damages, whether prosecuted or controlled by the employee, by his dependents, or by the employer, was for the primary benefit of the employee or his dependents, while under § 176.06, subd. 1, the compensation-receiving employee and his dependents had no interest whatever in a right of recovery against a third party, and such right of recovery was not merely for the primary but for the exclusive benefit of the em-

ployer as a matter of law. The employer's right of action is not measured by the extent of damages to the employee or his dependents but solely by the aggregate amount of the employer's compensation liabilities.

The Industrial Commission points out that in the instant case the compensation carrier has not previously paid any benefits for which it has not been reimbursed in full and that under the commission's decision it will be required to pay only $4,051, a sum which is almost $6,000 less than the maximum compensation liability (plus statutory burial expense) under the compensation law in effect at the time of the employee's death.

The commission stated relators' contention that § 176.06, subd. 2, requires application of the entire recovery in the third-party settlement against their compensation liability. The commission felt that the error in this lies in the fact that such interpretation of the statute places all dependents together and makes the recovery a common fund in which all equally participate, the balance being transferred upon cessation of dependency of one to the other dependents for the purpose of determining the credit against compensation liability. The commission noted that if this were true, there would be no necessity for the distribution of the recovery specifically provided by the death-by-wrongful-act statute.

The workmen's compensation law must be interpreted to carry out the beneficial purposes it was devised to accomplish.

We think that the statutory provisions, as well as the decisional law, require that this court affirm the decision of the Industrial Commission.

Respondent is allowed $250 attorneys' fees in this court.

Affirmed.