WILLARD A. VALOIS v. ESCORT SERVICE, INC.,
AND ANOTHER.

156 N. W. (2d) 754.

February 16, 1968—No. 40,753.

---

[9] E. g., Bomersine v. Armour & Co. 225 Minn. 157, 30 N. W. (2d) 526.
[10] E. g., Nielsen v. Lysne Const. Inc. 269 Minn. 464, 131 N. W. (2d) 549.

*McLeod & Gilmore,* for relators.

· *Douglass, Bell & Donlin, Richard L. Kelly,* and *Thomas J. Lyons,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Gallagher, JJ.

SHERAN, JUSTICE.

Certiorari to consider a decision of the Industrial Commission.

On August 14, 1959, Willard A. Valois was killed in an accident which arose out of and in the course of his employment with Escort Service, Inc. Its compensation carrier, Liberty Mutual Insurance Company, paid $4,400[1] as statutory funeral benefits, medical expenses, and dependency benefits, the dependents then being the decedent's widow and 3 children, the oldest of whom will be 21 on July 21, 1972. At this stage a third-party action instituted pursuant to our death-by-wrongful-act statute on account of the death of Mr. Valois was settled for $22,000.

Minn. St. 176.061 provides in part:

---

[1] Rounded figures are used for the purposes of this opinion. The arithmetic used in the computations here involved is not in dispute.

"Subd. 5. Where * * * death for which compensation is payable is caused under circumstances which created a legal liability for damages on the part of a party other than the employer, * * * legal proceedings may be taken by the employee or his dependents against the other party to recover damages, notwithstanding the payment by the employer or his liability to pay compensation. If * * * settlement is made with the other party, the employer may deduct from the compensation payable by him the amount actually received by the employee or dependents after deducting costs, reasonable attorney's fees, and reasonable expenses incurred by the employee or dependents in making collections or enforcing liability. * * * If the injured employee or his dependents * * * accept from the employer any payment on account of such compensation, the employer is subrogated to the rights of the employee or his dependents. * * *

"Subd. 6. As between employer and employee or his dependents, * * * the employer shall bear that proportion of the costs, reasonable attorney's fees, and reasonable expenses incurred in making collection from and enforcing liability against the party other than the employer which the amount claimed by the employer for deduction from, or to be retained against, compensation payable bears to the whole amount recovered from such other party."

By an order of the district court dated March 14, 1961, the settlement of the death action was approved and the proceeds ordered disbursed as follows:

| | |
|---|---|
| Attorney's fees and cost of litigation | $7,300 |
| Funeral expenses | 1,200 |
| $1,000 to each of the 3 minor children | 3,000 |
| Balance to Audrey Valois, the widow | 10,500 |
| Total | $22,000 |

By an order dated May 29, 1961, amending an earlier order dated April 26, 1961, and explicitly "based on the present existing dependency status"[2] the Industrial Commission determined that because of the settle-

---

[2] Minn. St. 176.111, subd. 9, provides: "If the deceased employee leave a surviving spouse and three or more dependent children, there shall be

ment of the third-party action, the future obligation of the compensation carrier for the payment of dependency benefits should be reduced to the sum of $1,700. In arriving at this figure it was assumed that the employer-insurer was entitled to partial relief from its obligation to pay workmen's compensation because of the allocation of the sum of $10,500 to the widow of the decedent. And if she had remained unmarried, this would be the case. But Audrey Valois remarried on April 8, 1961. From that time on there were no benefits payable to her under the Workmen's Compensation Act and, for that reason, no obligation running to her on the part of employer-insurer which could be satisfied by the portion of the recovery allotted to her.

In reliance upon the Industrial Commission order and unaware of the remarriage, the employer-insurer suspended compensation payments. Nothing further was done until 1966 when the fact of the remarriage became known to the employer-insurer, which notified the Industrial Commission of this fact. The commission then issued an order dated June 16, 1966, by the terms of which the amount paid to Audrey Valois from the sum received in settlement of the third-party action was eliminated in computing the amount by which the employer-insurer's compensation obligation was to be reduced. As a result, the compensation obligation was increased from $1,700 to $9,400. The refusal of the Industrial Commission to grant the employer-insurer's petition to vacate the June 16, 1966, order was filed January 16, 1967, and in these proceedings we are called upon to review the propriety of the commission's refusal to vacate its redetermination.

Relators contend that the redetermination should be vacated because

---

paid to the surviving spouse *for the benefit of such spouse and such children* 66 2/3 percent of the daily wage at the time of injury of deceased." (Italics supplied.)

Subd. 11 of this section provides in part: "* * * In case of the remarriage of a widow who has dependent children the unpaid balance of compensation which would otherwise become her due shall be payable to the mother, guardian, or such other person as the commission orders *for the use and benefit of the children* during dependency." (Italics supplied.)

. The maximum amount payable exclusive of the burial and medical expenses during the period involved was $17,500.

(1) the district court's allocation of the proceeds of the settlement of the action for death by wrongful act was unduly favorable to the widow and was apparently based on the assumption that her status as a widow would continue indefinitely, and (2) the Industrial Commission's order of May 29, 1961, declaring in effect that the employer-insurer's obligation to pay compensation was diminished by an amount which included the net amount paid to the widow from the settlement, was an adjudication which confirmed an agreement and is binding on all parties concerned.

We affirm the decision of the Industrial Commission for these reasons:

■ The allocation of the proceeds of the third-party action was within the jurisdiction of the district court. Minn. St. 573.02 with respect to the recovery in an action for death by wrongful act provides specifically that the district court "determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly." See, Hatfield, *Distribution Problems in a Wrongful Death Action*, Trial Judges' Journal, Vol. 6, No. 4, p. 21. The Industrial Commission had no power to alter that allocation in 1961 when its order pertaining to the compensation obligation of the employer-insurer was made, or in 1966 when its 1961 order was changed.

■ The Industrial Commission had authority to amend its calculations of the compensation liability of the employer and insurer when it was made to appear that the "dependency status" existing in 1961 when the commission's initial order was made had changed. Enghusen v. H. Christiansen & Sons, Inc. 259 Minn. 442, 107 N. W. (2d) 843. The minors were not parties to any binding agreement which could be said to curtail the commission's authority or preclude the exercise of it in the interest of these minors. Respondent is allowed $250 attorneys' fees in this court.

Affirmed.