## DARLENE PEDERSON v. EAST CENTRAL ELECTRIC ASSOCIATION AND ANOTHER.

161 N. W. (2d) 615.

September 20, 1968—No. 41,100.

*Tyrrell, Jardine, Logan & O'Brien* and *Jon L. Levy,* for relators.
*Cragg & Barnett* and *Robert S. Cragg,* for respondent.

MURPHY, JUSTICE.

Certiorari to review a decision of the Industrial Commission awarding workmen's compensation benefits to dependent children. The question presented is whether remarriage by a surviving mother and subsequent adoption of the dependent children of a deceased employee terminates the right of the children to receive dependency benefits under the Workmen's Compensation Act.

The facts may be briefly stated. The employee was injured in an accident arising out of and in the course of his employment and died as a result of his injuries on May 27, 1964, leaving surviving him his widow and four minor children under 11 years of age. On July 18, 1965, the widow remarried and, on October 1, 1966, her new husband, a Wisconsin resident, adopted the four children under the laws of that state. The relators contend that dependency benefits to the children ceased upon their adoption by the new father.

The status of minor children as dependents for purposes of workmen's compensation is determined by Minn. St. 176.111, subd. 1(b), which provides that minor children under the age of 16 years are conclusively presumed to be "wholly dependent." Subd. 9 provides that the surviving spouse of three or more dependent children shall be paid benefits on the basis of the deceased's daily wage. Subd. 11 provides the mechanics for distribution of benefits upon the widow's remarriage. So far as applicable here, it recites:

"* * * In case of the remarriage of a widow who has dependent children the unpaid balance of compensation which would otherwise become her due shall be payable to the mother, guardian, or such other person as the commission orders for the use and benefit of the children during dependency. * * * No widow who has remarried shall be held to be a widow without dependent children when the deceased employee leaves any dependent child as defined by this chapter."

Subd. 16, which provides for cessation of compensation, states: "[C]ompensation ceases upon the death or marriage of any dependent."

Relators contend that because the legislature provided that a widow who remarries is by definition no longer a "dependent," the court is re-

quired to find by analogy that the decedent's children are no longer "dependent" by virtue of their adoption.

We find no support for relators' position either in the language of the statute nor in the authorities cited. Tierney v. Tierney & Co. 176 Minn. 464, 223 N. W. 773; Enghusen v. H. Christiansen & Sons, Inc. 259 Minn. 442, 107 N. W. (2d) 843. The relators' argument overlooks the clear language of the quoted sections of the Act.

■ In Johnson v. Munsingwear, Inc. 222 Minn. 540, 544, 25 N. W. (2d) 308, 311, we held that where the statute conclusively presumes that a person is a dependent of a deceased employee, as are the four minors here, they are dependents in contemplation of law even though they are not such in fact. We said:

"* * * In such a case, it makes no difference whether the dependent is supported out of a common fund contributed to in part by the deceased employe or whether he has some other means of support."

We are not warranted in amending § 176.111 to the effect that dependency of minor children terminates by adoption. This specific question has been considered by various courts. The authorities generally hold that where compensation is once properly established the dependent is entitled to compensation throughout the period of time provided by the award unless such right is terminated by the occurrence of some event provided for by law. There is no provision in the Workmen's Compensation Act of this state terminating compensation to a child who has been adopted subsequent to the making of an award in his favor. If the legislature had intended that compensation should terminate upon adoption, it might be expected that it would have said so. American Mutual Lia. Ins. Co. v. Ohmart, 100 N. H. 167, 121 A. (2d) 793; Hale v. Dept. of Labor and Industries, 20 Wash. (2d) 14, 145 P. (2d) 285; United States Fidelity & Guaranty Co. v. Dunbar, 112 Ga. App. 102, 143 S. E. (2d) 663; 99 C. J. S., Workmen's Compensation, § 147b; 2 Larson, Workmen's Compensation Law, § 64.40; 9 Schneider, Workmen's Compensation Law, § 1936.

■ The relators in their brief direct our attention to the Minnesota adoption statute, Minn. St. 259.29, which provides that upon adoption

the natural parents are relieved of all parental responsibility and that the child "shall [not] inherit from his natural parents or kindred." The relators argue that it must follow from this provision that adoption terminates the obligation to pay workmen's compensation benefits which might derive from the death of the natural father. This point may be disposed of by observing that payment of workmen's compensation benefits is controlled by the Workmen's Compensation Act without reference to the laws of descent and distribution. Fehland v. City of St. Paul, 215 Minn. 94, 9 N. W. (2d) 349; Sanders v. Ray, 67 Idaho 200, 174 P. (2d) 836. Respondent is allowed $250 attorneys' fees in this court.

Affirmed.