Michael **HEIM**, et al., Respondents, Appellants,

v.

Aaron **LEE**, Respondent,

Ken **Zarling**, et al., Appellants, Respondents,

World Insurance Company, Mayo Foundation, Special Compensation Fund, Grinnell Mutual Reinsurance Company, Respondents.

Nos. C2–02–1174, C0–02–1190.

Court of Appeals of Minnesota.

Dec. 17, 2002.

Robert G. Benner, Kari C. Stonelake–Hopkins, Dunlap & Seeger, P.A., Rochester, MN, for respondents/appellants Michael and Tami Heim.

Robert T. Stich, Louise A. Behrendt, Stich, Angell & Kreidler, P.A., Minneapolis, MN, for appellants/respondents Zarling and Greenwood Agency, Inc.

Steven S. Fuller, Fuller Law Firm, Rochester, MN, for respondent Lee.

Mark D. Covin, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, MN, for respondent World Insurance Company.

Mike Hatch, Attorney General, Rory H. Foley, Sara J. Stoltman, Assistant Attorneys General, St. Paul, MN, for Special Compensation Fund.

Charles S. Bierman, Mayo Clinic Legal Department, Rochester, MN, for respondent Mayo Foundation.

Peter Lahn, Wendy Munyon, Grinnell Mutual Reinsurance Co., Grinnell, IA, for Grinnell Mutual Reinsurance Co.

Considered and decided by
KLAPHAKE, Presiding Judge,
KALITOWSKI, Judge, and HARTEN,
Judge.

# OPINION

HARTEN, Judge.

An insured brought this action for a declaratory judgment that the retroactive reformation of his insurance policy was valid. The insured, the insurer, and the insurance agent moved for summary judgment. A third party whose right to recover from the special compensation fund was precluded by the retroactive reformation opposed the motion. The district court found that the retroactive reformation was invalid and granted summary judgment to the third party. The insured and the insurance agent appeal.

## FACTS

Michael and Tami Heim (collectively Heim) operate a farm. In early 1999, Heim purchased a farm insurance policy from Ken Zarling, an insurance agent with Greenwood Agency, Inc., (Greenwood). After discussion with Zarling, Grinnell Mutual Reinsurance Company (Grinnell) issued an insurance policy covering Heim for the relevant period.

The policy provided medical payment coverage of $1,000 per employee. Heim purchased no workers' compensation insurance because family farms are exempt from providing workers' compensation coverage if they purchase a farm liability policy providing total liability coverage of $300,000 and medical payment coverage of $5,000. See Minn.Stat. § 176.011, subd. 11a (1998).[1]

In June 1999, Aaron Lee, a farm laborer, was injured while working for Heim.[2] He was treated for multiple head injuries at the Mayo Clinic. Heim submitted Lee's claim to Zarling, who sent it to Grinnell; Grinnell paid Lee the $1,000 policy limit.

Lee then applied to respondent Special Compensation Fund, believing he was entitled to compensation because Heim had neither obtained workers' compensation insurance nor provided $5,000 of medical payment coverage to his employees. See Minn.Stat. § 176.183, subd. 1 (1998). In May 2001, Grinnell and Heim agreed to reform the policy retroactively to provide $5,000 of medical coverage for the period of Lee's injury. Lee received a check for that amount. But recovery under the policy allegedly foreclosed Lee's right to recover from the special compensation fund, and Lee objected.[3]

Heim then brought an action seeking a declaratory judgment that the reformation was valid and that Heim possessed farm liability insurance on the date of Lee's

---

1. Heim testified that he did not know he needed $5,000 in medical coverage to be exempt from purchasing workers' compensation insurance; Zarling testified that he told Heim that, if he was within the definition of "family farm," he needed the $5,000 in coverage and that Heim "just chose not to go to $5,000."

2. Although World Insurance Company, Mayo Foundation, Special Compensation Fund, and Grinnell Mutual Reinsurance Company are all listed as respondents, none of them has participated in this appeal.

3. Lee did have the right to bring a negligence action against Heim, but his attorney stated at oral argument that there was no viable negligence claim.

injury. Although Heim named Zarling and Greenwood as defendants, their interests were identical to his, and they all moved for summary judgment. Lee also moved for summary judgment. The district court granted summary judgment to Lee. Heim, Zarling and Greenwood now challenge that judgment in a consolidated appeal.

## ISSUE

Was the retroactive reformation of the insurance policy valid?

## ANALYSIS

■ A district court's determination regarding reformation will not be disturbed on appeal unless it is manifestly contrary to the evidence. *Nolan v. Stuebner*, 429 N.W.2d 918, 923 (Minn.App.1988), *review denied* (Minn. 16 Dec. 1988). An insurance policy may be reformed by meeting the general criteria for reformation of written instruments: (1) a valid agreement expressing the real intent of the parties; (2) a written instrument that fails to express the real intent; and (3) failure due to either mutual mistake or unilateral mistake of one party and fraud or inequitable conduct of the other. *Leamington Co. v. Nonprofits' Ins. Ass'n*, 615 N.W.2d 349, 354 (Minn.2000).

■ But although

[r]eformation is generally allowed against the *original* parties to an instrument[,] * * * [t]he rule gives way * * * to the intervening rights of persons not parties to the contract.

*Manderfeld v. Krovitz*, 539 N.W.2d 802, 805 (Minn.App.1995), *review denied* (Minn.

25 Jan. 1996). Lee was not a party to the insurance contract between Grinnell and Heim. The specific issues we must address, then, are (1) whether Lee had an intervening right to recover from the special compensation fund, and (2) whether that right had vested before Grinnell and Heim reformed the contract.

■ On the date of Lee's injury, Minn. Stat. § 176.183, subd. 1 (1998), provided that

[w]hen any employee sustains an injury arising out of and in the course of employment while in the employ of an employer * * * not insured or self-insured as provided for in [the Workers' Compensation Act], the employee * * * shall nevertheless receive benefits as provided for in this chapter from the special compensation fund.

It is undisputed that when Lee sustained an injury arising out of and in the course of his employment, Heim, his employer, was not insured as provided for in the Workers' Compensation Act because Heim carried neither $5,000 in medical benefits nor workers' compensation insurance. Therefore, Lee had a right to benefits from the special compensation fund.[4]

The question of when an injured employee's right to recover vests has been addressed in the context of workers' compensation law.

The obligations and rights of the parties as to weekly compensation and other benefits to the employee do become fixed at the date of a compensable accident * * *.

*Broos v. Portec, Inc.*, 376 N.W.2d 688, 691 (Minn.1985) (quoting *Warner v. Zaiser*, 184 Minn. 598, 601, 239 N.W. 761, 762

---

**4.** Zarling and Greenwood correctly observe that "the injured employee of a qualified family farmer has *no* right to compensation under the [Workers' Compensation] Act." But Heim was not a "qualified family farmer" when Lee was injured because Heim did not carry the requisite farm liability insurance to qualify him for exemption from workers' compensation insurance.

(1931)). Analogously, Lee's right to benefits became fixed on the date of his compensable accident, almost two years before Heim and Grinnell attempted reformation of the insurance policy.

Contrary to appellants' argument, the reformation does not operate to prevent Lee from acquiring a right to which he was never entitled; it operates to foreclose a right Lee had already acquired. The fact that the reformation puts Lee in the same position he would have been in if Heim's original policy had been properly drafted is irrelevant. At the time of the reformation, Lee was a third party who already had an intervening right, and intervening rights of third parties preclude reformation. *See Manderfeld*, 539 N.W.2d at 805.

Moreover, the reformation runs counter to the purpose of Minn.Stat. § 176.183, subd. 1.

> [T]he legislative intent in enacting section 176.183, subd. 1, was to require the special compensation fund to pay compensation * * * to an injured employee whose employer is "not insured"

because he has never attempted to obtain coverage * * *.

*Olsen v. Kling*, 363 N.W.2d 310, 314 (Minn.1985).[5] When Lee was injured, his employer was "not insured" under the Workers' Compensation Act because he had obtained neither workers' compensation insurance nor sufficient farm liability insurance to exempt him from providing worker' compensation coverage to his employees. We agree with the district court that Lee was entitled to summary judgment.

## DECISION

The district court correctly determined that the retroactive reformation of the insurance policy was invalid because it eliminated a right a third party had already acquired. Lee was entitled to summary judgment.

**Affirmed.**

---

5. Zarling and Greenwood rely on *Olsen* as an example of a case showing that "coverage disputes can and do arise regarding whether, and to what extent, the employer has obtained appropriate workers' compensation coverage" and argue that such disputes preclude an injured employee's right to recover from vesting. But their reliance is misplaced: *Olsen* "construe[s] section 176.183, subd. 1, to require the special compensation fund to pay benefits when coverage is disputed." *Id.* at 314.